132 F.3d 38
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mark A. ANZIVINO, Plaintiff-Appellant,
v.
Thomas W. LUTZ, Charles L. Ryan; Theodore B. Jolley; Troy
Garey; Bradner Lawrence; J. Kewley; Irene Moreno; Terry
L. Rutan; C. Harty; B. Doster; Rhonda Sergeant; Brenda
Johnson; Jeannie M. Brehn, Defendants-Appellees.
 No. 96-17012.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 11, 1997.**
Dec. 15, 1997.
 
 Appeal from the United States District Court for the District of Arizona John N. Roll, District Judge, Presiding
 Before ALDISERT,*** D.W. NELSON, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Plaintiff Mark A. Anzivino, an Arizona state prison inmate, has filed suit against several prison officials under 42 U.S.C. § 1983. He seeks declaratory and injunctive relief, as well as monetary damages, for defendants' alleged failure to provide him with medical treatment.
 
 
 3
 Anzivino alleges that he has gingivitis, hypoglycemia and several dental problems, and that he is in pain due to recent oral surgery. The Arizona Department of Corrections (ADC) has a policy of requiring inmates to sign both an appointments list and a Health Needs Request (HNR) form before the ADC will permit nonemergency medical treatment to take place. Both of these forms contain a statement asking the inmate to acknowledge "that by paying this fee I do not have the right to dictate treatment or who provides treatment." Anzivino refuses to sign these forms because he does not agree with this statement. Consequently, the ADC has refused to provide Anzivino with non-emergency medical treatment.
 
 
 4
 The district court dismissed Anzivino's suit sua sponte under 28 U.S.C. § 1915A(b)(1) for failure to state a claim.[1] We review a district court's dismissal for failure to state a claim de novo. Cooper v. Pickett, 122 F.3d 1186, 1193 (9th Cir.1997); see also McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir.1997) (holding that traditional de novo standard applies to a sua sponte dismissal under § 1915A(b)(1) for failure to state a claim). We affirm.
 
 
 5
 In order to state a claim for a violation of the Eighth Amendment, an inmate must demonstrate that (1) he suffered an objectively serious health deprivation, and (2) prison officials were deliberately indifferent to his medical needs. Wallis v. Baldwin, 70 F.3d 1074, 1076 (9th Cir.1995). Mere negligence or medical malpractice is not sufficient to show deliberate indifference. Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Rather, the inmate must show that there was reckless disregard for his health or safety. Farmer v. Brennan, 511 U.S. 825, 836 (1994).
 
 
 6
 Anzivino's complaint does not meet this burden. Taking its allegations at face value, they establish only that prison officials failed to administer non-emergency medical treatment because of Anzivino's refusal to schedule appointments or fill out an HNR.
 
 
 7
 Anzivino tries to evade responsibility for his problems by casting his argument in an unusual way: He argues that even if his refusal to sign the appropriate paperwork is a violation of prison regulations, the denial of medical care is an inappropriately severe sanction for such a minor infraction. He calls to our attention Williams v. Coughlin, 875 F.Supp. 1004 (W.D.N.Y.1995), in which the court held that deprivation of food for two or more days as a sanction for failing to return a reusable styrofoam food tray could amount to an Eighth Amendment violation. Id. at 1014. Also, in Benter v. Peck, 825 F.Supp. 1411 (S.D.Iowa 1993), the court held that withholding an inmate's glasses as a sanction for refusing to pay for them violated the Eighth Amendment. Id. at 1421.
 
 
 8
 What immediately distinguishes both Williams and Benter is that the ADC's policy of requiring inmates to fill out an HNR and to sign the appointments list in order to receive non-emergency medical treatment is reasonably related to the ADO's ability to provide competent health care. The HNR requires the inmate to describe his symptoms in his own words, and it is not unlike the kind of diagnosis forms non-inmates fill out everyday. Further, given the number of frivolous lawsuits filed against prison officials, it is entirely reasonable that the ADC would want the inmate himself to provide a written record of his request for medical treatment and his consent thereto, so that later problems of proof do not arise. Accordingly, we agree with the district court that the ADC's refusal to provide non-emergency medical treatment does not, on these alleged facts, amount to deliberate indifference to Anzivino's serious medical needs.
 
 
 9
 Finally, Anzivino argues that the prison officials acted in violation of Ariz.Rev.Stat. § 31-201.01 in conditioning the provision of non-emergency medical treatment on his willingness to sign the forms at issue. He requests an injunction to order the state officials to obey what he claims Arizona law is. Federal courts, however, lack jurisdiction to issue such an injunction. Pennhurst State Sch. and Hosp. v. Halderman, 465 U.S. 89, 124-25 (1984). Thus, this claim cannot be pursued in federal court.
 
 
 10
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds his case suitable for disposition without oral argument. Fed. R.App. P. 34(a); Ninth Cir. R. 34-4
 
 
 **
 * Honorable Ruggero J. Aldisert, § Senior United States Circuit Judge for the Third Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit, except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Because the dismissal was ordered sua sponte, defendants made no appearance in the district court. Similarly, no appellees' brief has been filed in this court